UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN CHARLES DARBYSHIRE,

    Plaintiff,

                                           CASE NO. 04-CV-72272
vs.                                       HON. LAWRENCE P. ZATKOFF

MICHAEL JAMES GARRISON and
MARK STANAJ.

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 8, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs pursuant to 42 U.S.C. § 1988 (Docket #22) and Defendants' Objection to Proposed Judgment and Motion to Amend Proposed Judgment by Striking Punitive Damages (Docket #23). Plaintiff has filed a response to Defendants' filing. The Court finds that the facts and legal arguments pertinent to the foregoing filings are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the foregoing filings be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Likewise, the Defendants' Motion is GRANTED IN PART and

DENIED IN PART.

## II. BACKGROUND

Following a trial held on January 10, 11 and 12, 2006, the jury returned a verdict in favor of the Plaintiff against both of the Defendants. More specifically, the jury found that:

1. Both of the Defendants unlawfully arrested Plaintiff,

2. Both of the Defendants used excessive force against Plaintiff,

3. Plaintiff sustained damages for which a compensatory award of $13,000 was deemed appropriate, and

4. Defendant Garrison was liable for $7,500 in punitive damages.

After the jury was dismissed, the Defendants renewed their motion for judgment as a matter of law (which they had raised after the Plaintiff had presented his case and again after Defendants had rested). The Court, which had taken the motion under advisement prior to the jury returning its verdict, then denied the Defendants' motions for judgment as a matter of law on the record.

Following the trial, Plaintiff submitted a "Judgment on Jury Verdict" form which proposed that the Court enter an order that Plaintiff recover the following:

a. $13,000 for compensatory damages;

b. $7,500 for punitive damages; and

c. Attorney fees, costs and interest to be taxed.

Plaintiff subsequently filed his motion seeking attorney fees of $60,675, costs of $2,953.94 and interest in the amount of $1,178.10. Defendants filed their objections to Plaintiff's proposed verdict and request for attorney fees, costs and interest.

### III.  ANALYSIS

**A.    Motion to Amend Proposed Judgment by Striking Punitive Damages**

The Defendants' motion to strike punitive damages from the "Judgment on Jury Verdict" form submitted by Plaintiff is DENIED.  The evidence presented on the record at trial permitted a reasonable fact finder to conclude that punitive damages were appropriate against Defendant Garrison.  The Court finds that there was testimony presented to the jury that suggested that Defendant Garrison's "conduct involved reckless or callous indifference to the federally protected rights of Plaintiff."   In summary:

1. Plaintiff testified that he was on his own property minding his own business when he was approached by the Defendants.  This testimony was corroborated by his wife, Randall Race and Defendant Stanaj.

2. Defendant Stanaj testified that Plaintiff had the right to not talk to Defendant Stanaj, who first approached Plaintiff, or any other officer.

3. Defendant Stanaj testified that he would have walked away from the scene had Defendant Garrison not jumped on the tractor.

4. Defendant Stanaj testified that he never felt he was in danger when talking/shouting to Plaintiff.  He never testified that he felt Plaintiff almost hit him or ran over any part of his body with the tractor Plaintiff was operating.

5. Plaintiff, Defendant Stanaj and Defendant Garrison all testified that Defendant Garrison was on Plaintiff's tractor and trying to arrest Plaintiff before there was any communication between Plaintiff and Defendant Garrison.

On the basis of the foregoing evidence, a jury could reasonably find that Defendant Garrison's conduct constituted reckless or callous indifference to Plaintiff's constitutional rights.  The fact that Defendant Garrison offered a reason for his actions does not obviate the testimony which supported such a finding.

Accordingly, Defendant's Motion to Strike Punitive Damages from the "Judgment on Jury

Verdict" form submitted by Plaintiff is DENIED.

**B.     Attorney Fees, Costs and Interest**

In this case, there was a 33 1/3% contingency fee arrangement between Plaintiff and his attorneys. Plaintiff's request for attorney fees of $60,675, however, is based on hourly rates of $500 for attorney Steven Fishman (59.5 hours) and $250 for attorney Ben Gonek (124.5 hours). Defendants argue that the Court should strike Plaintiff's request for attorney fees because Defendants made a good faith offer to settle this case "within a reasonable amount of the Jury's verdict." Defendants alternatively ask the Court to amend Plaintiff's attorney fee request to a "reasonable" amount, either an amount based on the contingency agreement or reducing the hours and rates submitted by Plaintiff to a reasonable amount not to exceed the amount of the jury's verdict.

42 U.S.C. § 1988 allows the award of attorney fees by the Court, in its discretion, in the form of "a reasonable attorney's fees as part of the costs." The Court has taken into consideration all of the factors required in determining reasonable fees, as set forth in *Blanchard v. Bergeron*, 489 U.S. 87 (1989) and other cases, including the existence of a contingency fee agreement in this case, the size of the jury award, the hours claimed by the Plaintiff's attorneys and the hourly rate proposed by those attorneys. The Court notes that Defendants have not specified any particular hours they deemed unreasonable, other than to say that some of the hours are duplicative. The Defendants have argued that the hourly rates are unreasonable, especially the duplicative trial rates which would result in an hourly rate of $750.

The Court is not persuaded that because the attorney fees claimed by Plaintiff are three times that of the jury award, the attorney fees should be capped at that amount or capped by the

4

contingency fee arrangement. Frequently, the actual damages to a plaintiff in a civil rights case may be a relatively small amount, notwithstanding a finding that the plaintiff's constitutional rights have been violated. If plaintiff's attorneys are precluded from recovering hourly fees because such fees are greater than the contingency amount or the jury award of damages, it would make it extremely difficult for plaintiffs in such cases to ever find an attorney to represent them, even if their constitutional rights clearly have been violated.

In the instant case, the jury not only found that Plaintiff's constitutional rights were violated, they found that one of the Defendants (Garrison) acted with reckless and/or callous indifference to Plaintiff's constitutional rights. This is not a frivolous case where the motives of the Plaintiff's attorneys can be questioned or the award of reasonable attorney fees for initiating the case should be limited accordingly. Accordingly, the Court rejects Defendants' request to limit attorney fees to the amount they were entitled to under the contingency agreement or the amount of the jury award.

The Court now turns to the reasonableness of the hours and hourly rate claimed by the Plaintiff's attorneys with respect to this case. The Court does not find the time claimed by the Plaintiff's attorneys to be unreasonable, and the Defendants have not specified as unreasonable any time other than duplicative trial time. While there is duplicative trial time, it is not unreasonable for there to be co-counsel in a case, nor is it unreasonable for the attorneys to submit separately time for travel (or mileage). The Court does agree with Defendants that the hourly fees claimed by the attorneys are excessive for this case. The Court is aware of the expertise and experience of the attorneys involved, but the Court agrees that this case did not demand such expertise and experience such that the fees claimed by the Plaintiff's attorneys are reasonable, particularly when one considers the hourly rate at trial when both attorneys are claiming fees.

Based on the nature of the case and the experience and expertise of the attorneys, it is the finding of the Court that an hourly fee of $200 per hour for attorney Ben Gonek and $250 per hour for attorney Steven Fishman are reasonable in this case. Accordingly, the Court concludes that Plaintiff is entitled to attorney fees of $39,775, which is a reasonable amount (124.5 hours @ $200/hour plus 59.5 hours @$250/hour).

The Defendants also challenge the $2,953.94 in costs claimed by Plaintiff, however, the only real objection set forth by Defendants is that they are being punished by both attorneys requesting mileage in a case that was heard in Port Huron. The fact that the trial was in Port Huron is absolutely irrelevant to a determination of fees and costs, and the Defendants are not being "punished" by having to pay mileage to Port Huron. The Court notes, however, that Plaintiff submitted a claim for mileage at the rate of $0.58/mile. The Court finds the federal rate of $0.445/mile reasonable and therefore reduces Plaintiff's claimed costs by $89.10 ($293.70 vs. $382.80 for mileage). Accordingly, the Court finds that Plaintiff is entitled to costs of $2,864.84.

Defendants do not contest the interest claimed by Plaintiff and the Court therefore finds that interest in the amount of $1,178.10 is appropriate.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Likewise, the Defendants' Motion is GRANTED IN PART and DENIED IN PART. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: March 8, 2006

## CERTIFICATE OF SERVICE

 The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 8, 2006.

            s/Marie E. Verlinde
            Case Manager
            (810) 984-3290